| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons

RECEIVED

APR 28 17

VILLAGE OF
HAZEL CREST

(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

William P. Davis

_(Name all parties)_

v.

Village of Hazel Crest, Vernard L. Alsberry, Mary Grant, Kevin Moore, Sr., Susan Pate, Benjamin Ramsey, Sandra G Slayton.

No. _____

17L003214

### ● SUMMONS ○ ALIAS SUMMONS

To each Defendant: Village of Hazel Crest, 3000 W. 170th Place, Hazel Crest IL 60429

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Dr.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham 16501
S. Kedzie Pkwy. Markham,
IL 60428

☐ Child Support: 50 W.
Washington, LL-01,
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 28371

Name: Linda C. Chatman

Atty. for: Plaintiff, William P. Davis

Address: 180 N. Stetson Suite 3500

City/State/Zip Code: Chicago, IL 60601

Telephone: 312-917-1005

Primary Email: lindachatman@chatmanlaw.com

Secondary Email: kimcleveland@sbcglobal.net

Tertiary Email: lcchatman7@comcast.net

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:
_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

**EXHIBIT A**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

William P. Davis
_____
(Name all parties)

Village of Hazel Crest, Vernard L. Alsberry, Mary Grant,
Kevin Moore, Sr., Susan Pate, Benjamin Ramsey, Sandra G
Slayton.

No. _____

17L003214

## ☉ SUMMONS ☉ ALIAS SUMMONS

To each Defendant: Village of Hazel Crest, 3000 W. 170th Place, Hazel Crest IL 60429

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room ____801____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Dr.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham 16501
S. Kedzie Pkwy. Markham,
IL 60428

☐ Child Support: 50 W.
Washington, LL-01,
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: __28371__

Name: Linda C. Chatman

Atty. for: Plaintiff, William P. Davis

Address: 180 N. Stetson Suite 3500

City/State/Zip Code: Chicago, IL 60601

Telephone: 312-917-1005

Primary Email: lindachatman@chatmanlaw.com

Secondary Email: kimcleveland@sbcglobal.net

Tertiary Email: lcchatman7@comcast.net

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)     (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

**EXHIBIT A**

DIE DATE
04/22/2017

DOC.TYPE:   LAW
CASE NUMBER:   17L003214
DEFENDANT

VILLAGE OF HAZEL CREST
3000 W 170TH PL
HAZEL CREST, IL 60429

SERVICE INF
RM 801

ATTACHED

**EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| WILLIAM P. DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demand |
| | ) | |
| v. | ) | No. |
| | ) | |
| VILLAGE OF HAZEL CREST AND | ) | |
| VERNARD L. ALSBERRY, JR., MARY | ) | **17L003214** |
| GRANT, KEVIN MOORE, SUSAN | ) | |
| PATE, BENJAMIN RAMSEY AND | ) | |
| SANDRA G. SLAYTON. | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

Plaintiff, WILLIAM P. DAVIS, by his attorney, Linda C. Chatman of Chatman Law Offices, LLC, for his complaint against Defendants VILLAGE OF HAZEL CREST and VERNARD L. ALSBERRY JR., MARY GRANT, KEVIN MOORE, SUSAN M. PATE, BENJAMIN RAMSEY and SANDRA G. SLAYTON (collectively referred to as the "Individual Defendants"), states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court and venue are proper because this action is being commenced in the county where the Defendant is located and where the alleged wrongful actions, out of which this cause of action arose, occurred and pursuant to 42 U.S.C. §1983.

## PARTIES

2. Plaintiff, WILLIAM P. DAVIS (hereinafter "Plaintiff"), is and was at all relevant times a citizen and resident of Chicago Illinois in Cook County.

3. Defendant, VILLAGE OF HAZEL CREST (hereinafter "Hazel Crest" or the "Village") is a Village in Cook County Illinois.

**EXHIBIT A**

4. Defendant, Vernard L. Alsberry, Jr. (hereinafter "Vernard Alsberry" or the "Village President"), was at all relevant times a citizen and resident of Cook County, Illinois and President of the Village of Hazel Crest Board of Trustees.

5. Defendant Mary Grant was at all relevant times a citizen and resident of Cook County, Illinois and a Village of Hazel Crest Trustee.

6. Defendant Kevin Moore, Sr. was at all relevant times a citizen and resident of Cook County, Illinois and a Village of Hazel Crest Trustee.

7. Defendant Susan M. Pate was at all relevant times a citizen and resident of Cook County, Illinois and a Village of Hazel Crest Trustee.

8. Defendant Benjamin Ramsey was at all relevant times a citizen and resident of Cook County, Illinois and a Village Hazel Crest Trustee.

9. Defendant Sandra G. Slayton was at all relevant times a citizen and resident of Cook County, Illinois and a Village of Hazel Crest Trustee.

## FACTUAL ALLEGATIONS

10. At all relevant times, Hazel Crest functioned under a Manager Form of Government pursuant to Article 5 of the Illinois Municipal Code Sec. 2-159 (hereinafter the "Code").

11. Under the Code, the Village President has no authority to appoint Department Heads, hire and/or fire Village employees or direct Village employees; The Code bestows that power exclusively upon the appointed (not elected) Village Manager.

- 2 -

**EXHIBIT A**

12.     The Village President also does not have the unilateral authority to appoint or terminate the Village Manager. That authority is held "jointly" by the Village President and the Board of Trustees.

13.     In April of 2012, the then Village Manager, James Whigham, hired Plaintiff as the Director of Communications and Public Outreach at the Village.

14.     Plaintiff accepted employment at the Village in reliance upon of the Code which, **as a matter of public policy**, prohibited political hiring and firing by the Village President and/or the Village Board of Trustees.

15.     Plaintiff accepted employment at the Village just prior to Defendant, Vernard Alsberry, taking office as Village President.

16.     During the course of Plaintiff's employment with the Village, Vernard Alsberry repeatedly violated, or attempted to violate, the Code by forcing hires or orchestrating the termination of certain Village employees for political reasons and attempting to illegally direct and/or influence Village employees activities.

17.     Plaintiff openly opposed and interfered with Vernard Alsberry's attempts to violate the Code, e.g., Plaintiff prevented him from forcing preferential "patronage" hires at the Village. The Village Trustees were aware of Vernard Alsberry's actions and Plaintiff's opposition to those actions.

18.     Vernard Alsberry did not consider Plaintiff a part of his "political" team and plotted to remove Plaintiff from his position as Director of Communications and Public Outreach at the Village.

- 3 -

**EXHIBIT A**

19.     On March 1, 2014, Marlo V. Kemp was appointed to the position of Hazel Crest Village Manager.

20.     In or about April of 2015, Vernard Alsberry requested Plaintiff's employment file from Marlo Kemp, including Plaintiff's vacation and sick time records. Mr. Kemp declined to provide those records since the Code strictly prohibited the Village President and Trustees from engaging in employment practices at the Village.

21.     On April 30, 2015, without warning or explanation, Defendants cancelled Plaintiff's medical benefits, apparently in preparation for the illegal acts planned for May 1, 2015.

22.     On May 1, 2015, Vernard Alsberry convened a "Special" Board Meeting to, *inter alia*, vote to terminate Plaintiff's employment at the Village in blatant violation of Sec. 2-159 of the Code, which states as follows:

> "Neither the president nor the board of trustees shall direct or request the appointment of any person to, or his removal from, office by the manager or any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative services of the village, except as otherwise provided by law or elsewhere in this division or this Code. Except for the purpose of inquiry, the board of trustees shall deal with the administrative service solely through the manager and neither the board nor any member thereof, shall give orders to any subordinates of the manager, either publicly or privately."

23.     Just prior to the May 1st meeting, the Village Manager, Marlo V. Kemp, specifically informed the Defendants that their planned action to terminate Plaintiff was illegal and should not be done; procedurally, Defendants could not eliminate an entire department without a budget amendment that reflected that elimination and accounted for the employees and other expenses in the eliminated department. In other words, elimination of a department could

- 4 -

EXHIBIT A

not be used as a cover for terminating employees in violation of the Code.

24.     Moments later, during the "Special" Board Meeting on May 1, 2015, Vernard Alsberry and the other individual Defendants (hereinafter referred to collectively as the "Defendants") disregarded Marlo V. Kemp's strong and unambiguous warning and, in blatant violation of the Code, terminated Plaintiff's employment.

25.     Defendants attempted to cover their illegal tracks by eliminating Department 15 at the Village; if Plaintiff's entire department was eliminated, he was eliminated. The problem with Defendants' cover-up plan (in addition to being a transparent ruse) was: 1) Defendants never actually eliminated Department 15 from the Village budget (as per the Village audited financial reports for May 1, 2015 thru April 30, 2016); 2) Defendants continued to pay Village expenses from Department 15; and 3) Plaintiff's position and salary was in Department 11, not Department 15.

26.     Thinking that the fake elimination of Department 11 would protect them, immediately after the May 1, 2015 "Special" Board Meeting, Defendants deactivated Plaintiff's access card, locked him out of his office and refused to pay him his required salary and benefits. Defendants' fake elimination Department 15 was merely a poorly thought out and poorly executed "work around" to avoid the limitations that the Code placed on the Village President and Trustees.

27.     But, Plaintiff was not the only casualty of Defendants' illegal activities on May 1, 2015. After he refused to be complicit in the Defendants' illegal activities, Defendants placed Marlo V. Kemp on administrative leave and terminated his employment within the week. Mr. Kemp also filed suit against Defendants.

- 5 -

**EXHIBIT A**

28.     The Defendants' conduct toward Plaintiff was malicious, intentional, and with callous disregard for established public policy and Plaintiff's protected rights, including his contractual rights, First Amendment rights and Fourteenth Amendment Procedural Due Process rights.

29.     The Defendants knew good and well that neither the Village President nor the Village Trustees had the authority to terminate Plaintiff's employment; only the Village Manager had that authority.   But they did it anyway.

30.     Because of Plaintiff's adherence to the letter and spirit of the Code, which prohibited political hiring and firing, Defendants blatantly retaliated against Plaintiff and denied him his rightful position, compensation and benefits in violation of public policy and his First Amendment Right to Freedom of Speech and his Fourteenth Amendment Right to Procedural Due Process.

31.     Therefore, the Defendants' actions, including but not limited to faking the elimination of Department 15, cancelling Plaintiff's health insurance benefits on April 30, 2015, locking Plaintiff out of his office and refusing to pay his salary, are:  1) against Public Policy and in violation of the law, Sec. 2-159 of the Code, and in violation of the terms and conditions of Plaintiff's employment; 2) in violation of Plaintiffs First Amendment Right to Free Speech and to be free from retaliation for the exercise of that right in violation of 42 U.S.C. 1983; and 3) in violation of Plaintiff's Procedural Due Process Right under 42 U.S.C. 1983.

## PLAINTIFF'S DAMAGES

32.     As a result of the Defendants' illegal and wrongful actions, Plaintiff has sustained actual damages and compensatory damages, including severe stress.

**EXHIBIT A**

33.     Plaintiff is entitled to actual damages and compensatory damages.  Plaintiff is also entitled to punitive damages against the individual Defendants.

## COUNT I
## Retaliatory/Wrongful Discharge

34.     Plaintiff incorporates by reference paragraphs 1-33

35.     The Village of Hazel Crest was at all relevant times Plaintiff's employer;

36.     Vernard Alsberry was at all relevant times the Hazel Crest President of the Board of Trustees.

37.     Mary Grant, Kevin Moore, Susan M. Pate, Benjamin Ramsey and Sandra G. Slayton were at all relevant times Hazel Crest Trustees.

38.     Marlo V. Kemp was at all relevant times the Village Manager and the only individual authorized to terminate Plaintiff's employment.

39.     It is a clearly mandated public policy that in Article 5 manager forms of government, Village Presidents and Board of Trustees do not have the authority to appoint, terminate or direct Village employees, including but not limited to Department Heads like Plaintiff.

40.     It is also explicitly illegal in Article 5 manager forms of government for the Village President and Board of Trustees to appoint, terminate or direct Village employees, including but not limited to Department Heads like Plaintiff.

41.     Plaintiff was appointed to the position of Director of Communications and Public Outreach by James Whigham, the Village Manager just prior to Marlo V. Kemp.  Plaintiff's appointment also predated Vernard Alsberry and his Board of Trustees' tenure in Hazel Crest.

- 7 -

**EXHIBIT A**

42.     Plaintiff opposed Vernard Alsberry when he attempted, as Village President, to violate the Code by forcing political "patronage" hires at the Village, e.g., his hand chosen summer employees. Plaintiff also opposed Vernard Alsberry's attempt to financially favor a friend by allowing that friend to stage a large private event for profit in the Village of Hazel Crest with the cost of that event supplemented by the Village of Hazel Crest.

43.     In retaliation for Plaintiff's known and vocal opposition to Vernard Alsberry's violations or attempted violations of the Code, including political "patronage" hiring and/or firing, Defendants perpetrated the following: 1) on April 30, 2015 Defendants terminated Plaintiff's health insurance benefits; 2) on May 1, 2015, Defendants unlawfully and abruptly terminated Plaintiff's employment by pretending to eliminate Department 15 at the Village which, purportedly, included Plaintiff's position, salary and benefits; and 3) on May 2, 2015, Defendants locked Plaintiff out of his office and refused to pay his salary and benefits.

44.     In locking Plaintiff out of his office and refusing to pay him, Defendants' engaged in political retaliation against Plaintiff, in violation of Sec. 2-159 of the Code and violated public policy that forbids political hiring and firing at the Village of Hazel Crest.

45.     Due to Defendants' flagrant retaliation against Plaintiff and violation of Sec. 2-159 of the Code, Plaintiff was seriously damaged. Therefore, actual and compensatory damages are appropriate.

## COUNT II
### Breach of Contract/Wrongful Termination

46.     Plaintiff incorporates by reference paragraphs 1-45.

47.     The Village of Hazel Crest was at all relevant times Plaintiff's employer;

- 8 -

**EXHIBIT A**

48.     Marlo V. Kemp was at all relevant times the Village Manager and the only individual authorized to terminate Plaintiff's employment.

49.     Vernard Alsberry was at all relevant times the Village President.

50.     Mary Grant, Kevin Moore, Susan M. Pate, Benjamin Ramsey and Sandra G. Slayton were at all relevant times Hazel Crest Trustees.

51.     It is a clearly stated in Article 5 manager forms of government, Village Presidents and Board of Trustees do not have the authority to appoint or terminate employees, including but not limited to Department Heads like Plaintiff.  Sec. 2-159 of the Code, which states as follows:

> "Neither the president nor the board of trustees shall direct or request the appointment of any person to, or his removal from, office by the manager or any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative services of the village, except as otherwise provided by law or elsewhere in this division or this Code. Except for the purpose of inquiry, the board of trustees shall deal with the administrative service solely through the manager and neither the board nor any member thereof, shall give orders to any subordinates of the manager, either publicly or privately."

52.     Plaintiff's terms of employment included Sec 2-159 of the Code  and Plaintiff relied upon the Code in accepting employment at the Village.

53.     Defendants have unlawfully prevented Plaintiff from performing his duties and locked him out of his rightful position without any authority whatsoever to take that action.

54.     On May 1, 2015,  the Defendants violated Sec 2-159 of the Code and breached Plaintiff's contractual rights by wrongfully terminating his employment, even in the face of the strong warning from Marlo V. Kemp, the Village Manager,  that Defendants were acting illegally.

- 9 -

**EXHIBIT A**

55.     Due to Defendants' flagrant breach of Plaintiff's contractual rights and violation of Sec. 2-159 of the Code, Plaintiff was seriously damaged.  Therefore, actual and compensatory damages are appropriate.

## COUNT III
### Violation of Plaintiff's First Amendment Right to Free Speech and to be free from Retaliation for the Exercise of that Right in Violation of 42 U.S.C. 1983

56.     Plaintiff incorporates by reference paragraphs 1-55.

57.     The Village of Hazel Crest was at all relevant times Plaintiff's employer;

58.     Marlo V. Kemp was at all relevant times the Village Manager and the only individual authorized to terminate Plaintiff's employment.

59.     Vernard L. Alsberry was at all relevant times the Village President.

60.     Mary Grant, Kevin Moore, Susan M. Pate, Benjamin Ramsey and Sandra G. Slayton   were at all relevant times Hazel Crest Trustees.

61.     It is a clearly stated in Article 5 manager forms of government, Village Presidents and Board of Trustees do not have the authority to appoint or terminate employees, including but not limited to Department Heads like Plaintiff.  Sec. 2-159 of the Code, which states as follows:

> "Neither the president nor the board of trustees shall direct or request the appointment of any person to, or his removal from, office by the manager or any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative services of the village, except as otherwise provided by law or elsewhere in this division or this Code. Except for the purpose of inquiry, the board of trustees shall deal with the administrative service solely through the manager and neither the board nor any member thereof, shall give orders to any subordinates of the manager, either publicly or privately."

- 10 -

**EXHIBIT A**

62.     Plaintiff's terms of employment included Sec 2-159 of the Code  and Plaintiff relied upon the Code in accepting employment at the Village.

63.     Plaintiff was hired prior to Vernard Alsberry being elected President of the Village of Hazel Crest and Plaintiff was not treated equally with those Village Employees hired after his election.

64.     Plaintiff openly disagreed with Vernard Alsberry on public policy and other matters that were in the public interest, including but not limited to political hiring and firing in violation of the Code;  Plaintiff interfered with Vernard Alsberry's attempts to force political "patronage" hiring in Hazel Crest in violation of the Code.

65.     On April 1, 2015 Defendants terminated Plaintiff's health insurance benefits. And, on May 1, 2015, the Vernard Alsberry and Board of Trustees further retaliated against Plaintiff by convening a "Special" Board Meeting to, among other things, terminate Plaintiff's employment at the Village in blatant violation of Sec. 2-159 of the Code  and in violation of Plaintiff's First Amendment Right to Free Speech and his right to be free from retaliation for the exercise of that right.

66.     As a consequence of Plaintiff's exercise of his freedom of speech, Defendants, acting under color of state law and in their individual capacities, targeted Plaintiff for retaliation, including effectively terminating Plaintiff under the guise of "eliminating his department",  in violation of the First Amendment to the United States Constitution.

67.     Defendants' unlawful actions were malicious and intentional.

68.     By virtue of the foregoing, Defendants have infringed upon Plaintiff's right to freedom of speech, as guaranteed by the First Amendment to the Constitution of the United

- 11 -

**EXHIBIT A**

States and unlawfully retaliated against him for exercising that right, in violation of 42 U.S.C. 1983.

69.     Because of the Individual Defendants' reckless disregard and deliberate practice of retaliating against Plaintiff, punitive damages are appropriate and should be awarded to punish the Individual Defendants' behavior and deter future misconduct.

## COUNT IV
## Violation of Plaintiff's Fourteenth Amendment
## Right to Procedural Due Process in Violation of 42 U.S.C. 1983

70.     Plaintiff incorporates by reference paragraphs 1-69.

71.     The Village of Hazel Crest was at all relevant times Plaintiff's employer;

72.     Marlo V. Kemp was at all relevant times the Village Manager and the only individual authorized to terminate Plaintiff's employment.

73.     Vernard Alsberry was at all relevant times the Village President.

74.      Mary Grant, Kevin Moore, Susan M. Pate, Benjamin Ramsey and Sandra G. Slayton  were at all relevant times Hazel Crest Trustees.

75.      The Fourteenth Amendment to the Constitution of the United States,  forbids Vernard  Alsberry, Mary Grant, Kevin Moore, Susan M. Pate, Benjamin Ramsey and Sandra G. Slayton  from depriving Plaintiff of "life, liberty or property, under color of law, without due process of law".

**EXHIBIT A**

76.     It is a clearly stated in Article 5 manager forms of government, Village Presidents and Board of Trustees do not have the authority to appoint or terminate employees, including but not limited to Department Heads like Plaintiff.   Sec. 2-159 of the Code, which states as follows:

> "Neither the president nor the board of trustees shall direct or request the appointment of any person to, or his removal from, office by the manager or any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative services of the village, except as otherwise provided by law or elsewhere in this division or this Code. Except for the purpose of inquiry, the board of trustees shall deal with the administrative service solely through the manager and neither the board nor any member thereof, shall give orders to any subordinates of the manager, either publicly or privately."

77.     Plaintiff's terms of employment included Sec 2-159 of the Code  and Plaintiff relied upon the Code in accepting employment at the Village.

78.     On May 1, 2015 the Village Manager was Marlo V. Kemp.

79     To date, neither Marlo V. Kemp nor any subsequent Village Manager has terminated Plaintiff's employment at the Village of Hazel Crest.

80.     On April 1, 2015, Defendants terminated Plaintiff's medical insurance benefits. And, on May 1, 2015, the Vernard Alsberry convened a "Special" Board Meeting to, among other things, terminate Plaintiff's employment at the Village in blatant violation of Sec. 2-159 of the Code  and in violation of Plaintiff's Fourteenth Amendment Right to Procedural Due Process under 42 U.S. C. 1983.

81.     Vernard Alsberry and the Board of Trustees, acting under color of state law and in their individual capacities, targeted Plaintiff for violation of his due process rights, including

- 13 -

**EXHIBIT A**

effectively terminating his employee without any authority whatsoever to terminate his employment. Furthermore, in an attempt to cover up their illegal actions, Vernard Alsberry and the Board of Trustees, used the guise of "eliminating his department" but never actually eliminated the department.

82.     The unlawful actions by Vernard Alsberry and the Board of Trustees were malicious and intentional.

83.     Plaintiff was entitled to non-political Procedural Due Process effectuated by the non-elected Village Manager prior to termination of his employment.

84.     On May 1, 2015, under color of law, Defendants infringed upon Plaintiff's right to Procedural Due Process, as guaranteed by the Fourteenth Amendment to the Constitution of the United States, in violation of 42 U.S.C. 1983.

85.     Because of the Individual Defendants' reckless disregard for law and their deliberate and malicious actions against Plaintiff, punitive damages are appropriate and should be awarded to punish the Individual Defendants' behavior and deter future misconduct.

**WHEREFORE,** Plaintiff, William P. Davis prays for a judgment against Defendants, the Village of Hazel Crest, Vernard L. Alsberry, Mary Grant, Kevin Moore, Susan M. Pate, Benjamin Ramsey and Sandra G. Slayton for; 1) Retaliatory/Wrongful Termination in violation of Public Policy; 2) Breach of Contract; 3) Violation of his First Amendment Right to Free Speech and to be free from Retaliation for the Exercise of that Right in Violation of 42 U.S.C. 1983; and 4) Violation of Plaintiff's Fourteenth Amendment Right to Procedural Due Process in Violation of 42 U.S.C. 1983, in a fair and reasonable sum over and above Fifty Thousand Dollars ($50,000.00) including :

- 14 -

**EXHIBIT A**

A.    Actual damages including, but not limited to, lost wages and benefits;

B.    Compensatory damages for the stress and embarrassment inflicted;

C.    Punitive Damages against the Individual Defendants for violation of 42 U.S.C.

      1983;

D.    Pre-judgment and post-judgment interest on the above damages; and

E.    For all other relief that this Court deems just and proper.


                                   *Linda C. Chatman*
                                   Linda C. Chatman, Attorney for Plaintiff



Attorney # 28371
Linda C. Chatman
CHATMAN LAW OFFICES, LLC.
180 N. Stetson Avenue, Suite 3500
Chicago, Illinois 60601
(312) 917-1005

**EXHIBIT A**

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the above Complaint are true and correct, except as to matters therein stated to be on information and belief. As to such matters the undersigned certifies that he verily believes the same to be true.

William P. Davis

Subscribed and Sworn to
before me this 23rd
day of March, 2017.

Notary Public

"OFFICIAL SEAL"
LINDA C. CHATMAN
NOTARY PUBLIC, STATE OF ILLINOIS
COOK COUNTY
MY COMMISSION EXPIRES 09/29/2020

- 15 -

**EXHIBIT A**