# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM P. DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VILLAGE OF HAZEL CREST, ) <br> VERNARD L. ALSBERRY, JR., ) <br> MARY GRANT, KEVIN MOORE, ) <br> SUSAN PATE, BENJAMIN RAMSEY, ) <br> and SANDRA G. SLAYTON, ) <br> ) <br> Defendants. ) | Case No. 17-cv-3724 <br><br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Davis ("Plaintiff") brings suit against Defendants the Village of Hazel Crest ("Village"), Village President Vernard L. Alsberry, Jr. ("Alsberry"), and Village Trustees Mary Grant, Kevin Moore, Susan Pate, Benjamin Ramsey, and Sandra Slayton (collectively, the "Trustees") for alleged violations of federal and Illinois law arising out of the elimination of Plaintiff's position as Director of Communications and Public Outreach for the Village. Currently before the Court is Defendants' motion to dismiss the complaint for failure to state a claim [14]. For the reasons explained below, Defendants' motion [14] is granted in part and denied in part. The Court grants the motion to dismiss Counts I (retaliation/wrongful discharge), II (breach of contract/wrongful termination), and IV (procedural Due Process) as to all Defendants. The Court grants the motion to dismiss Count III (violation of the First Amendment) as to the Individual Defendants but denies the motion to dismiss Count III as to the Village. This case is set for status hearing on February 27, 2018 at 9:30 a.m.

## I. Background[1]

The Village is operated under a "Manager Form of Government" pursuant to Article 5 of the Illinois Municipal Code, Section 2-159 (the "Code"). [14-2] at 2. Under the Code, a Village President has no authority to appoint department heads or to hire, fire or direct Village employees. Instead, these powers are bestowed on the appointed (not elected) Village Manager. A Village President also does not have unilateral authority to appoint or terminate the Village Manager. That authority is held jointly by the Village President and Village Board of Trustees.

In April 2012, the then-Village Manager, James Whigham, hired Plaintiff as the Director of Communications and Public Outreach. Plaintiff accepted employment "in reliance on the Code which, as a matter of public policy, prohibited political hiring and firing by the Village President and/or the Village Board of Trustees." [14-2] at 3. Shortly after Plaintiff accepted employment at the Village, Alsberry became Village President.

Plaintiff alleges that during the course of his employment, Alsberry "repeatedly violated, or attempted to violate, the Code by forcing hires or orchestrating the termination of certain Village employees for political reasons and attempting to illegally direct and/or influence Village employees' activities." *Id*. Plaintiff openly opposed and interfered with Alsberry's efforts by preventing him from forcing his preferential patronage hires at the Village. Alsberry did not consider Plaintiff to be a part of his political team and plotted to remove Plaintiff from his position.

On April 30, 2015, Defendants, without warning or explanation, cancelled Plaintiff's medical benefits. The next day, May 1, 2015, Alsberry convened a special board meeting to vote

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pled allegations set forth in Plaintiff's complaint. See [14-2]; *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017).

2

to terminate Plaintiff's employment. Plaintiff alleges that this violated Section 2-159 of the Village Code which states:

> Neither the president nor the board of trustees shall direct or request the appointment of any person to, or his removal from, office by the manager or any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative services of the village, except as otherwise provided by law or elsewhere in this division or this Code. Except for the purpose of inquiry, the board of trustees shall deal with the administrative service solely through the manager and neither the board nor any member thereof, shall give orders to any subordinates of the manager, either publicly or privately.

[14-2] at 4.

Just prior to the special board meeting, the Village Manager, Marlo Kemp ("Kemp") informed the Individual Defendants that their plan to terminate Plaintiff "was illegal and should not be done; procedurally, Defendants could not eliminate an entire department without a budget amendment that reflected that elimination and accounted for the employees and other expenses in the eliminated department." *Id*.

During the special board meeting, Alsberry and the other Individual Defendants ignored Kemp's warning and terminated Plaintiff's employment. Defendants allegedly "attempted to cover their illegal tracks by eliminating Department 15 at the Village; if Plaintiff's entire department was eliminated, he was eliminated." *Id.* at 5. However, Plaintiff alleges, "Defendants never actually eliminated Department 15 from the Village budget"; Defendants continue to pay Village expenses from Department 15; and Plaintiff's position and salary were in Department 11, not Department 15. *Id.* Immediately after the meeting, Defendants deactivated Plaintiff's access card, locked him out of his office, and refused to pay his salary and benefits. Defendants also placed Kemp on administrative leave and terminated his employment. Kemp has also filed suit against Defendants.

Plaintiff brings a four-count complaint against the Village, Alsberry, and the Trustees. In this opinion, the Court refers to Alsberry and the Trustees collectively as the "Individual Defendants."

First, Plaintiff brings a state-law claim for retaliation and wrongful discharge against all Defendants. Plaintiff alleges that only the Village Manager (Kemp) was authorized under the Village Code to terminate his employment. Nonetheless, Plaintiff alleges that, in retaliation for his opposition to Alsberry's violations of the Village Code, Defendants terminated his health insurance benefits, unlawfully terminated his employment by pretending to eliminate Department 15, locked him out of his office, and refused to pay his salary and benefits.

Second, Plaintiff brings a state-law claim for breach of contract/wrongful termination against all Defendants. Plaintiff alleges that the "terms of employment included" Section 2-159 of the Code (quoted above) and that he "relied upon the Code in accepting employment at the Village." [14-2] at 9. Plaintiff alleges that Defendants violated Section 2-159 and breached his contractual rights by wrongfully terminating his employment.

Third, Plaintiff claims that all Defendants violated his First Amendment right to free speech and to be free from retaliation for exercising his right to free speech. Plaintiff alleges that he openly disagreed with Alsberry's political hiring and firing in violation of the Code and Alsberry's attempts to force political "patronage" hiring in the Village. [14-2] at 11. As a consequence, Plaintiff alleges, Defendants "targeted [him] for retaliation, including effectively terminating [him] under the guise of 'eliminating his department', in violation of the First Amendment." *Id.*

Fourth, Plaintiff contends that Defendants violated his right to procedural due process by convening a special board meeting to terminate his employment without authority and in

4

violation of Section 2-159 of the Code, covering up their illegal actions under the guise of eliminating a department, without actually eliminating the department.

Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. For purposes of a motion to dismiss under Rule 12(b)(6), the Court "'accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Calderon-Ramirez*, 877 F.3d at 275 (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## III. Analysis

### A. Plaintiff's Federal Claims Against the Individual Defendants

Defendants move to dismiss Plaintiff's federal claims against the Individual Defendants on multiple grounds, including qualified immunity. In response to their qualified immunity argument, Plaintiff clarifies that his federal claims are against the Individual Defendants in their official capacities only and asserts that "[i]t is well established in Illinois that [the] qualified immunity doctrine does not apply to official capacity claims." [21] at 13. Grasping on to Plaintiff's clarification, Defendants argue in their reply brief that, since the federal claims are

5

being brought against the Individual Defendants in their official capacities only, those claims are duplicative of the federal claims against the Village and, therefore, should be dismissed.

The Court agrees that Plaintiff's federal claims against the Individual Defendants in their official capacities are duplicative of his federal claims against the Village. A suit naming a municipal official "as a defendant in his official capacity only" is "the equivalent of suing the [municipality]." *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987); see also *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) ("Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself."). "Because adding the official-capacity claim in the present situation 'makes no practical difference,' there is no reason to retain [the Individual Defendants] as … part[ies] to this action." *Willis v. Bell*, 726 F. Supp. 1118, 1124 (N.D. Ill. 1989) (quoting *Jungels*, 825 F.2d at 1129) (detainee's civil rights claim against police superintendent in his official capacity was duplicative of claim against city and would be dismissed); see also *Ball v. City of Muncie*, 28 F. Supp. 3d 797, 802 (S.D. Ind. 2014) (section 1983 claims brought by former city employee against mayor in his official capacity and claims against city itself were redundant and, accordingly, the official-capacity claims against mayor individually would be dismissed as duplicative of the claims against city); see generally *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010) ("It is well-settled that duplicative counts in a complaint may be properly dismissed." (internal quotation marks and citation omitted)). Therefore, the Court grants Defendants' motion to dismiss Counts III and IV as to the Individual Defendants.

Since it is dismissing the federal claims against the Individual Defendants, the Court finds it unnecessary to resolve Defendants' absolute legislative immunity argument. Defendants make that argument as to the Individual Defendants only—apparently recognizing that the

Village "does not have the legislative immunity of its employees." *Hanania v. Loren-Maltese*, 319 F. Supp. 2d 814, 824 (N.D. Ill. 2004); see also *Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 (1980) ("there is no tradition of immunity for municipal corporations").

### B. Plaintiff's First Amendment Claim Against the Village

Defendants argue that Plaintiff's First Amendment claim against the Village should be dismissed because "even if the elimination of Plaintiff's position was politically motivated, such a decision is appropriate for a director position." [14] at 7. As support, Defendants cite solely to *Walsh v. Heilmann*, 472 F.3d 504, 506 (7th Cir. 2006), which they argue "allow[s] the removal of high-ranking employees based upon political affiliation." [14] at 6.

Plaintiff responds that *Walsh* is inapplicable because the Village functions under a Managerial Form of Government pursuant to Article 5 of the Illinois Municipal Code, under which the Village Manager, not the Village President, is the head of the municipal government and has exclusive authority to appoint and remove all department heads. See [21] at 2, 11-12 (citing 65 ILCS 5/1-3-7(2)).

The Court agrees with Plaintiff that *Walsh* does not apply to the facts of this case. In *Walsh*, the Seventh Circuit held that a hearing officer had policymaking powers and therefore could be terminated for political reasons without violating the First Amendment, because "[i]f the people are to choose policy at the polls, the representatives they elect must be able to make enough changes in the bureaucracy to put the winning side's program into effect rather than be frustrated by a permanent officialdom with its own ideas about governance." 472 F.3d at 506. In this case, Plaintiff does not allege (and Defendants do not contend) that Plaintiff's position was a policymaking one. To the contrary, Plaintiff alleges that the Village is set up in the managerial form of government and therefore, under Illinois' Municipal Code, "all Director

7

appointments should be based on merit and fitness, not politics." [21] at 12. Plaintiff's First Amendment claim against the Village therefore remains in the case.

### C. Plaintiff's Due Process Claim Against the Village

Defendants move to dismiss Plaintiff's procedural due process claim on the basis that Plaintiff, as "a public employee," "has no property right in public employment which falls within the protections of the due process clause of either the state or federal constitution." [14] at 10 (citing *Levin v. Civil Service Commission of Cook County*, 288 N.E.2d 97 (Ill. 1972)).

Plaintiff responds that he has a protected interest in continued employment with the Village to the extent set out in the Illinois Municipal Code and the Village Code, which "prescribe[] any political firings or retribution." [21] at 17. Plaintiff relies on *Fredrickson v. Village of Willow Springs*, 2008 WL 3008822 (N.D. Ill. 2008), which, he asserts, held that "the plaintiff's termination in violation of the Village Ordinance was sufficient to state a procedural due process claim." [21] at 17.

The Court concludes that Plaintiff fails to allege a plausible procedural Due Process claim. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "'To state a claim for a procedural due process violation, a plaintiff must demonstrate (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process.'" *Forgue v. City of Chicago*, 873 F.3d 962, 969 (7th Cir. 2017) (quoting *Manistee Apts., LLC v. City of Chicago*, 844 F.3d 630, 633 (7th Cir. 2016)). "To demonstrate a cognizable property interest in [a] job" with a public employer, the employee "must be able to show that she had some legitimate expectation of continued employment." *Meade v. Moraine Valley Community College*, 770 F.3d 680, 686 (7th Cir. 2014). "State law (here, that of Illinois) defines

8

the extent of [an employee's] property interest in her continued employment." *Id*. In Illinois, it is a "well-settled rule that 'the terms of employment must provide that termination will only be for cause or otherwise evince mutually explicit understandings of continued employment' in order for there to be a property interest in employment." *Id*. (quoting *Cromwell v. City of Momence,* 713 F.3d 361, 364 (7th Cir. 2013)); see generally *Waters v. Churchill*, 511 U.S. 661, 679 (1994) ("an at-will government employee … generally has no claim based on the Constitution at all").

In this case, Plaintiff's procedural due process claim is deficient because he does not allege any facts indicating that he had a protected property interest in continued employment with the Village. In particular, Plaintiff does not allege that he has an employment agreement that provides for a specific term of employment (such as one year) or that allows for termination only for cause. By contrast, in the *Fredrickson* case on which Plaintiff relies, the plaintiff village clerk was allegedly terminated before the end of her appointed one-year term, and a village ordinance provided that she was to remain in office until a successor was appointed. *Fredrickson*, 2008 WL 3008822, at *9. In determining whether Plaintiff has a protected property interest in his job, it is irrelevant whether the proper procedure was used to terminate him. As the Seventh Circuit explained in an analogous situation, "[w]hen the claimed deprivation of property is the loss of a job, the entitlement must be to a job, rather than just to a set of disciplinary procedures," in order for a plaintiff to have a viable due process claim. *Campbell v. City of Champaign*, 940 F.2d 1111, 1113 (7th Cir. 1991). Therefore, the Court dismisses Count IV of Plaintiff's complaint against the Village.

### D. Plaintiff's Retaliation/Wrongful Discharge Claim Against the Individual Defendants

Plaintiff concedes ([21] at 16) Defendants' argument that the Illinois "Supreme Court has held that the only proper defendant in a retaliatory discharge action is the plaintiff's former employer." [14] at 10 (citing *Buckner v. Atlantic Plant Maintenance, Inc.*, 694 N.E.2d 565, 567 (Ill. 1998)). Therefore, Count I of Plaintiff's complaint is dismissed as to the Individual Defendants.

### E. Plaintiff's Retaliation/Wrongful Discharge Claim Against the Village

Defendants move to dismiss Plaintiff's retaliation/wrongful discharge claim based on several provisions of the Illinois Local Government and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/2-103 and 745 ILCS 10/2-201.

The Court concludes that the Village is immune from suit pursuant to 745 ILCS 10/2-103 and finds it unnecessary to determine whether the Village also is immune pursuant to 745 ILCS 10/2-201. Pursuant to 745 ILCS 10/2-103, "[a] local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." The Illinois Supreme Court has held that this immunity applies even where the adoption or failure to adopt an enactment was motivated by "corrupt or malicious motives." *Village of Bloomingdale v. CDG Enterprises, Inc.*, 752 N.E.2d 1090, 1098 (Ill. 2001); see also *Pouk v. Village of Romeoville*, 937 N.E.2d 800, 805 (Ill. App. 2010) (holding that "section[] 2-103] of the Tort Immunity Act does "not contain an exception for willful and wanton conduct"). In this case, Plaintiff alleges that Defendants terminated him by adopting an enactment—namely the ordinance that eliminated his Director position. Therefore, under the plain language of the immunity statute, the Village is entitled to qualified immunity regardless of the motives behind passage of the ordinance.

Plaintiff argues that the Tort Immunity Act does not bar his claim, because Defendants' decision to terminate him does not amount to a "determination of policy or exercise of discretion," as required for the Act to apply. [21] at 14 (citing *Weiler v. Village of Oak Lawn*, 86 F. Supp. 3d 874, 885 (N.D. Ill. 2015); *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 679 (7th Cir. 2009)). But the cases on which Plaintiff relies are applying section 2-201 of the Tort Immunity Act, not section 2-103, and therefore are inapplicable. See 745 ILCS 10/2-201 ("a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused"); *Weiler*, 86 F. Supp. 3d at 885 ("In order for an official to be entitled to immunity under section 2–201, the action that caused the injury must be both a determination of policy and an exercise of discretion." (internal quotation marks and citation omitted)); *Valentino*, 575 F.3d at 679 ("Section 2–201 immunizes an individual defendant only to the extent that the action he is being sued for involves both the making of a policy choice and the exercise of discretion.").

Defendants also argue that Plaintiff's retaliation/wrongful discharge claim is barred by the one-year statute of limitations that applies to retaliatory discharge claims brought against public employers. According to Defendants, Plaintiff was terminated on May 1, 2015, but failed to file suit until nearly two years later, on March 29, 2017. Plaintiff responds that the statute of limitations has been tolled because he was never officially terminated by the Village Manager as required by the Village Code.

The Court concludes that Plaintiff's retaliation/wrongful discharge claim is barred by the statute of limitations and must be dismissed on this ground, as well. The Tort Immunity Act sets a one-year statute of limitations for tort claims against a government entity or its employees. 745

11

ILCS 10/8–101; see also *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 731-32 (N.D. Ill. 2014) (applying one-year statute of limitations to retaliatory discharge claim); *Halleck v. County of Cook*, 637 N.E.2d 1110, 1113 (Ill. App. 1994) (same). The Court is not persuaded by Plaintiff's argument that the statute of limitations has been tolled due to the Village's alleged failure to follow the proper procedure for terminating him. Plaintiff expressly alleges in his Complaint that the Individual Defendants "terminated [his] employment" at their May 1, 2015 special board meeting. [14-2] at 5. At that point, Plaintiff's injury was complete—he had been wrongfully discharged—and the Village Manager did not need to take any action before the statute of limitations began to run on his wrongful discharge claim. Plaintiff does not cite any case law that calls this conclusion into doubt.

For these reasons, Count I of Plaintiff's complaint is dismissed as to the Village.

### F. Plaintiff's Breach of Contract Claim Against All Defendants

Finally, Defendants argue that Plaintiff's breach of contract claim must be dismissed because Plaintiff "does not allege that there was an actual employment contract between him and the Defendants," but rather "argues that [Section] 2-159 of the municipal code represented Defendants' offer to follow certain procedures contained within the code." [11] at 14. According to Defendants, Section 2-159 did not create a contract between Plaintiff and Defendants. Further, Defendants argue, to the extent that any contract was created by the former Village Manager's hiring of Plaintiff, the Individual Defendants could not have been parties to that contract, because they were not in office at the time of Plaintiff's hiring.

Plaintiff responds that his breach of contract claim should not be dismissed because an employment contract was created when "Plaintiff accepted the definite terms of the Director position, as set out in the State and Municipal Code, *e.g.*, he answered to and took direction from

12

the Village Manager only." [21] at 17. Plaintiff cites *Pierce v. Commonfields of Cahokia Public Water Dist.*, 897 F. Supp. 2d 743, 752 (S.D. Ill. 2012), for the proposition that "if the Board appropriated funds for Plaintiff's salary in the Village Budget, a contract was formed between Plaintiff and the Village." [21] at 18.

The Court concludes that Plaintiff has not pled any facts suggesting that he is a party to a contract with the Individual Defendants. Therefore, Plaintiff's breach of contract claim must be dismissed as to the Individual Defendants.

Plaintiff has not alleged a plausible breach of contract claim against the Village, either. "The required elements of a breach of contract claim in Illinois are the standard ones of common law: (1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012). In this case, Plaintiff fails to allege that "there was an actual employment contract between" him and the Village, or that the Village breached any contractual obligations that it undertook when he was hired as Director. *Burge v. Rogers*, 2014 WL 2118739, at *2 (N.D. Ill. May 21, 2014). Instead, Plaintiff alleges that he "accepted the definite terms of the Director position, *as set out in the State and Municipal Code*, e.g., he answered to and took direction from the Village Manager only," and that "Defendants breached the contract by usurping the authority of the Village Manager and locking Plaintiff out of his office." [21] at 17-18 (emphasis added). However, "it has long been understood that statutes are not contracts." *Pittman v. Chicago Bd. of Educ.*, 64 F.3d 1098, 1104 (7th Cir. 1995). As the Seventh Circuit has explained, "[t]o treat statutes as contracts would enormously curtail the operation of democratic government," with statutes acting as "ratchets, creating rights that could

never be retracted or even modified without buying off the groups upon which the rights had been conferred." *Id*.

The *Pierce* case cited by Plaintiff is inapplicable, because the issue in that case was not whether the plaintiff had an actual contract with the public water district (he did, for a two-year term) but instead whether the contract was null and void under Illinois' "prior appropriations rule" because it was allegedly made without the water district board appropriating the necessary funds to account for the plaintiff's salary. 897 F. Supp. 2d at 745, 752-53. In this case, Plaintiff alleges a breach of the Village Code—not a contract—and therefore fails to state a claim for breach of contract. See *Burge*, 2014 WL 2118739, at *2 (dismissing breach of contract claims brought by former employees of village police department, who alleged that they were terminated in retaliation for issuing parking ticket to one of the defendants, because the plaintiffs' swearing of an oath to become police officers did not constitute an acceptance of defendants' "offer" to follow applicable regulations and plaintiffs did not "allege there was an actual employment contract between" them and the village). Count II of Plaintiff's complaint is dismissed as to all Defendants.

## IV. Conclusion

For these reasons, Defendants' motion to dismiss [14] is granted in part and denied in part. The Court grants the motion to dismiss Counts I (retaliation/wrongful discharge), II (breach of contract/wrongful termination), and IV (procedural Due Process) as to all Defendants. The Court grants the motion to dismiss Count III (violation of the First Amendment) as to the Individual Defendants but denies the motion to dismiss Count III as to the Village. This case is set for status hearing on February 27, 2018 at 9:30 a.m.

Dated: February 13, 2018

_____
Robert M. Dow, Jr.
United States District Judge